%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Jessica Durkin, both Individually and as Administratrix of the Estate and as Administratrix Ad Prosequendum, et al.

**DEFENDANTS**

BEEMAC TRUCKING, LLC, et al.

(b)  County of Residence of First Listed Plaintiff   Salem County, NJ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)  Attorney's (Firm Name, Address, and Telephone Number)
See attached list.

Attorneys (If Known)
See attached list.

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☒ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☐ 1  Original
      Proceeding

☒ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity Jurisdiction 28 U.S.C. 1332, 1441 and 1446
Brief description of cause:
Wrongful Death/Survival - Crashworthiness

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
  UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE  Jos. H. Rodriguez/Berle M. Schiller   DOCKET NUMBER  NJD10-1213/EDPA 09489

DATE
01/06/2011

SIGNATURE OF ATTORNEY OF RECORD

(GPD3641)

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# COUNSEL LIST

**Plaintiff**
Nancy J. Winkler, Esquire
Daniel J. Sherry, Jr., Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA  19103

**ANCRA International, LLC.**
Warren E. Voter, Esquire
J. Michael Kunsch, Esquire
Sweeney & Sheehan
1515 Market Street - 19th Floor
Philadelphia, PA  19102

**Spanset, Inc.**
Stephan A. Rudolph, Esquire
Rudolph & Kayal
P.O. Box 255
Sea Girt, NJ 08750

**PACCAR, INC. and Peterbilt Motors Company**
Robert M. Cook, Esquire
Goldberg Segalla LLP
902 Carnegie Center Drive, Suite 100
Princeton, NJ  08540

**Beemac Trucking, LLC**
Robert J. Siegel, Esquire
Kennedy, Campbell, Lipski & Dochney
1818 Market Street, 25th Floor
Philadelphia, PA 19103

**Wabash National Corporation**
Gerhard P. Dietrich, Esquire
Ward Greenberg Heller & Reidy, LLC
1835 Market Street
Suite 650
Philadelphia, PA 19103

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 500 Route 40, Elmer, NJ 08314

Address of Defendant: See attached list.

Place of Accident, Incident or Transaction: Coles Mill Road and Wall Street, Franklin Township, NJ
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: 09-4892 ED PA   Judge Berle M. Schiller   Date Terminated: 1/19/10 trans. to Dist. NJ
10-1213 DNJ       Joseph H. Rodriguez                  pending

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☒  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐  No ☒

**CIVIL: (Place ✔ in ONE CATEGORY ONLY)**

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☒ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: _____   _____   _____
                          Attorney-at-Law              Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/06/2011   _____   41739
                    Attorney-at-Law            Attorney I.D.#

CIV. 609 (6/08)

## PLAINTIFF'S ADDRESS

JESSICA DURKIN
500 Route 40
Elmer, NJ  08314

## DEFENDANTS' ADDRESSES

BEEMAC TRUCKING, LLC
2747 Legionville Road
Ambridge, PA 15006

PACCAR, INC.
777 106th Avenue N.E.
Bellevue, WA  98004

PETERBILT MOTORS COMPANY
1700 Woodbrook Street
Denton, TX  76205

WABASH NATIONAL CORPORATION
1000 Sagamore Parkway S.
Lafayette, IN  47905

SPANSET, INC.
3125 Industrial Drive
Sanford, North Carolina  27331-2828

ANCRA INTERNATIONAL, LLC.
4880 West Rosecrans Avenue
Hawthorne, CA  90250

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

JESSICA DURKIN, et al.                  :          CIVIL ACTION
                                        :
              v.                        :
                                        :
BEEMAC TRUCKING, LLC, et al.            :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (x)


| Jan. 6, 2011 | Gerhard P. Dietrich | Deft. Wabash National Corp. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 836-1100 | (215) 836-2845 | gdietrich@wardgreenberg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JESSICA DURKIN, both Individually and as     :
Administratrix of the Estate and as     :
Administratrix Ad Prosequendum of the Estate     :
of WILLIAM R. GANGELL, Jr., Deceased     :
    :     CIVIL ACTION NO.
v.     :
    :
BEEMAC TRUCKING, LLC,     :
PACCAR, INC.,     :
PETERBILT MOTORS COMPANY,     :
WABASH NATIONAL CORPORATION,     :
SPANSET, INC. and     :
ANCRA INTERNATIONAL, LLC     :

## NOTICE OF REMOVAL

Defendant, Wabash National Corporation ("Wabash"), by and through its attorneys,

Ward Greenberg Heller & Reidy LLP, hereby gives notice of the removal of this civil action

from the Philadelphia Court of Common Pleas of the Commonwealth of Pennsylvania, to the

United States District for the Eastern District of Pennsylvania.  This notice of removal is filed

pursuant to 28 U.S.C. §§1441(a) and 1446.  As grounds for removal, Wabash states the

following:

## PREVIOUS SUBSTANTIALLY IDENTICAL LAWSUITS

1.     This is the latest of three duplicative lawsuits commenced by Plaintiff arising out

of the same motor vehicle accident.  Each time, Plaintiff has sued the same core group of

Defendants and named one additional defendant[1] (against whom Plaintiff has no plausible cause

of action) for the sole purpose of preventing removal to federal court.

---

[1] Or one additional group of defendants.  In Plaintiff's first lawsuit, the additional defendants were Skyline Steel,
LLC (a New Jersey citizen) and a related company named Arcelor Mittal USA, Inc., which Plaintiff collectively
referred to in the Complaint as "Defendant Steel Manufacturers."  In Plaintiff's second lawsuit, the additional
defendants were Pennsylvania companies Dura-Bond Industries, Inc., Dura-Bond Coating, Inc., Dura-Bond
Development, Inc., Dura-Bond Steel Corp., and Dura-Bond Pipe, LLC, which were collectively referred to as the
"Dura-Bond Defendants" or "Dura-Bond."

2.      The first action[2] filed in the Superior Court for New Jersey, Middlesex County was voluntarily dismissed by Plaintiff after it was removed by Wabash on the basis of fraudulent joinder.  After Wabash removed the second action[3] filed in the Philadelphia Court of Common Pleas on the same basis, Plaintiff filed a motion to remand which was denied by the Honorable Berle M. Schiller.

3.      A more detailed procedural history of a pre-suit equity action[4] and the Plaintiff's first and second lawsuits is contained in memorandum opinions from the Plaintiff's second lawsuit available at *Durkin v. Paccar, Inc.*, No. 09-4892, 2010 WL 176851, *1-2 (E.D. Pa. Jan.19, 2010) (Schiller, J.) (hereinafter referred to as the "Schiller Opinion") and *Durkin v. Paccar, Inc.*, No. 10-2013, 2010 WL 4117110, *1-2 (D.N.J. Oct. 19, 2010) (Rodriguez, J.) (hereinafter referred to as the "Rodriguez Opinion").

4.      The decedent was driving a tractor-trailer loaded with steel pilings.  "As the truck slowed to approach an intersection in Franklin Township New Jersey, the steel load shifted forward . . . pinning Gangell inside the trailer.  Gangell . . . died several hours later . . . ."[5]

5.      "According to a crash investigation conducted by New Jersey police, the truck Gangell was driving was 103,000 pounds, which was 23,000 pounds overweight.  The crash investigation also indicated that insufficient tie downs were used to secure a load of that weight."[6]

---

[2] Filed on July 21, 2009 in the Superior Court of New Jersey for Middlesex County (docket no. Mid-L-006245 09), removed to the United States District Court for the District of New Jersey, Trenton Vicinage (docket no. 3:09-cv-04575-GEB-DEA).

[3] Filed on September 21, 2009 in the Court of Common Pleas of Philadelphia County, Pennsylvania (docket no. 090902028), removed to the United States District Court for the Eastern District of Pennsylvania (docket number 2:09-cv-04892-BMS), transferred to the United States District Court for the District of New Jersey, Camden Vicinage (docket number 1:10-cv-020130-JHR-AMD).

[4] R.E. Pierson Construction Co. (decedent's employer) filed an equity action regarding possession of the subject tractor, the subject trailer, and the steel load that the tractor-trailer was carrying at the time of the accident.  New Jersey Superior Court, Equity Division, Atlantic County, docket no. ATL-C-139-08.

[5] Schiller Opinion, 2010 WL 176851, at *1 (citations to record omitted).

[6] *Id.* (citations to record omitted).

6.      In denying Plaintiff's motion to remand in the second action, Judge Schiller found: "Reliable evidence indicates that Plaintiff has no real intention in good faith to prosecute her claim against the Dura-Bond Defendants [the fraudulently joined defendant]. Specifically, the procedural history of this case demonstrates that Plaintiff has never intended to pursue a claim against the Dura-Bond Defendants."[7]  Judge Schiller went even further concluding that Plaintiff also never had an intention to bring a good faith claim against Skyline Steel, the party fraudulently joined in the first action.[8]

7.      After Plaintiff's second lawsuit was transferred to the United States District Court for the District of New Jersey, the Honorable Joseph H. Rodriguez granted the Dura-Bond Defendants' motion to dismiss.  In doing so, Judge Rodriguez concluded that Plaintiff failed "to allege facts sufficient to establish a plausible cause of action."[9]

8.      The parties have conducted substantial discovery in the second still pending lawsuit including exchanging Rule 26 Disclosures and written discovery, obtaining documents from third parties through subpoenas, and conducting eleven depositions.  More depositions are scheduled in January 2011 and fact discovery ends on June 1, 2011.[10]

## FACTS SUPPORTING REMOVAL OF THE INSTANT LAWSUIT

9.      On or about November 10, 2010, Plaintiff commenced this third action by writ of summons in the Court of Common Pleas of Philadelphia County, Pennsylvania captioned: Jessica Durkin, both Individually and as Administratrix of the Estate and as Administratrix Ad Prosequendum of the Estate of William R. Gangell, Jr., Deceased v. Beemac Trucking, LLC, and PACCAR, Inc., and Peterbilt Motors Company, and Wabash National Corporation, and Spanset, Inc., and ANCRA International, LLC, and docketed at No. 01838, November Term, 2010.  After

---

[7] *Id.* at *4.
[8] *Id.* at *5.
[9] Rodriguez Opinion, 2010 WL 4117110, at *11.
[10] The June 4, 2010 scheduling order issued by Magistrate Judge Ann Marie Donio is attached as Exhibit K.

a rule to file a complaint was served, Plaintiff filed a Complaint on December 14, 2010 and counsel for Wabash was served electronically the same day through the Court's electronic notification system.  True and correct copies of the Writ of Summons and Complaint (with names and birthdays of minors redacted) are attached hereto collectively as Exhibit "A."

10.     The documents attached hereto as Exhibit "A" constitute all pleadings, process and other papers served upon Wabash in this action.  Plaintiff's Complaint was the first pleading setting forth Plaintiff's claims for relief in this civil action.

11.     Plaintiff has filed this third action using the same strategy frowned upon by Judge Schiller and Judge Rodriguez, with the sole difference being the naming of Beemac Trucking, LLC (hereinafter "Beemac") in place of Dura-Bond or Skyline Steel, for the obvious reason to defeat removal.  But for reasons explained below, removal is appropriate because there is not a "reasonable basis in fact or colorable ground supporting the claim against" Beemac and Plaintiff lacks a "real intention in good faith to prosecute the action against" Beemac.[11]

12.     This notice of removal is being filed within thirty days after receipt by Wabash of a copy of the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.  The notice of removal is also being filed within thirty days after receipt by any other Defendant of a copy of the initial pleading.  The time for removal has, therefore, not expired.  28 U.S.C. §1446(b).

13.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.     Further, the case is removable because none of the properly joined defendants is a citizen of Pennsylvania.

---

[11] Schiller Opinion, 2010 WL 176851, at * 4 (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)).

15.     Wabash is informed and believes that at the time Plaintiff's Complaint was filed, and at the time this notice is being filed, the Plaintiff was and is a citizen of the State of New Jersey.  Further, the estate of the decedent, who was a citizen of the State of New Jersey at the time of his death, is being administered in the State of New Jersey.

16.     Plaintiff's Complaint names as Defendants the following entities:  Beemac Trucking, L.L.C., PACCAR, Inc., Peterbilt Motors Company, Wabash National Corporation, Spanset, Inc., ANCRA International, LLC.  None of these Defendants is a citizen of New Jersey.

17.     At the time the Complaint was filed and at the time this notice is being filed, Defendant, PACCAR, Inc., was and is a Delaware corporation with its principal place of business in Bellevue, Washington.

18.     At the time the Complaint was filed and at the time this notice is being filed, Defendant, Peterbilt Motors Company was and is an unincorporated division of PACCAR, Inc. with its principal place of business in Denton, Texas.[12]

19.     At the time the Complaint was filed and at the time this notice is being filed, Defendant, Wabash National Corporation is and was a Delaware corporation with its principal place of business in Lafayette, Indiana.

20.     At the time the Complaint was filed and at the time this notice is being filed, Defendant, Spanset, Inc., is and was a North Carolina corporation with its principal place of business in Sanford, North Carolina.

21.     At the time the Complaint was filed and at the time this notice is being filed, Defendant, ANCRA International, LLC is and was a Delaware limited liability company with its principal place of business located in Illinois.  The sole member of ANCRA International LLC is

---

[12] It is unclear to the defendants why Plaintiff sued both PACCAR and Peterbilt in this third lawsuit.  All parties stipulated to the dismissal of Peterbilt in the second action filed by Plaintiff because Peterbilt is not a separate legal entity, but rather a division of PACCAR.

Heico Holding, Inc., which is a Delaware corporation with its principal place of business in Illinois.

22.     Diversity of citizenship exists between the Plaintiff, a resident of the State of New Jersey, and the Defendants, all of which are organized and existing under the laws of states other than New Jersey and have principal places of business in states other than New Jersey.  The said diversity of citizenship existed at the time this action was commenced and continues to the time of the filing of this notice of removal.

23.     Each properly joined Defendant and Beemac have consented to removal.  See Exhibits "B – E," Written Consents.

24.     This is a wrongful death and survival action in which Plaintiff alleges the decedent "suffered catastrophic injuries, including significant and prolonged conscious pain and suffering, which caused his death later that day."  See Exhibit "A" Complaint at ¶ 8, Count X, Count XI.

25.     Plaintiff further alleges that decedent's heirs and beneficiaries "have suffered compensable pecuniary losses as well as funeral expenses and expenses of administration" necessitated by decedent's death and that the decedent suffered "great conscious pain and suffering," and other damages including, medical expenses, lost earnings, and loss of earning capacity.  See Exhibit "A," Complaint at Count X, ¶ 68 and Court XI, ¶ 71.

26.     Plaintiff makes an open-ended claim for damages, seeking in excess of $50,000. See Exhibit "A," ad damnum clause to each Count.

27.     Thus, the amount in controversy, based on the allegations set forth in the Complaint, is in excess of $75,000, exclusive of interest and costs.  *See Angus v. Shiley Inc.,* 989 F.2d 142, 146 (3d Cir. 1993) (amount in controversy not measured by low end of open-ended claim, but by reasonable reading of value of rights being litigated) (citations omitted); *Corwin*

*Jeep Sales & Service, Inc. v. American. Motors Sales Corp.,* 670 F. Supp. 591, 596 (M.D. Pa. 1986) (when complaint does not contain demand for specific monetary amount, court may look to petition for removal and make independent appraisal of value of claim). Where a plaintiff has not explicitly alleged that the amount in controversy is less than the jurisdictional threshold, removal is proper unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. *Frederico v. Home Depot,* 507 F.3d 188, 196–97 (3d Cir. 2007).

28.   A reasonable reading of the value of the rights Plaintiff claims and the damages sought shows that Plaintiff seeks damages in an amount in excess of $75,000.00, exclusive of interest and costs.[13]

29.   Venue is properly laid in this district pursuant to 28 U.S.C.A. §1441(a) because it is the district embracing the state court in which the action was originally filed.

30.   Pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship between the Plaintiff and Defendants, and because none of the properly joined defendants is a citizen of Pennsylvania, removal pursuant to 28 U.S.C. §1441(a) and (b) is appropriate.

### BEEMAC TRUCKING, L.L.C. IS A NOMINAL PARTY AND/OR HAS BEEN FRAUDULENTLY JOINED AND SHOULD BE DISREGARDED FOR PURPOSES OF DETERMINING WHETHER THE CASE MAY BE REMOVED

31.   Beemac is currently and was at the time the Complaint was filed a limited liability company organized under the laws of Pennsylvania with its principal place of business in Ambridge, Pennsylvania.  The sole member of Beemac is Richard A. Macklin, an individual who is a citizen of Pennsylvania.  However, the citizenship of Beemac and its sole member should be disregarded for purposes of determining whether this case may be removed under 28 U.S.C.

---

[13] Judge Schiller previously concluded based on the same allegations that the amount in issue exceeds $75,000 and noted that as a result and because the parties are diverse federal court jurisdiction is not at issue. "Section 1441(b)'s bar against removal by a forum-state citizen is not jurisdictional."  Schiller Opinion, 2010 WL 176851, at *4, n. 3 (quoting *Lorea Exch. Bank v. Trackwise Sales Corp.,* 66 F.3d 46, 50 (3d Cir. 1995)).

§1441(b) because it is a nominal party and/or has been fraudulently joined solely for the purpose of defeating jurisdiction.

32.     The existence of a non-diverse defendant will not defeat federal jurisdiction if that defendant is nominal or has been fraudulently joined.  *See In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006); *Boston Culinary Group, Inc. v. JDK Catering, Inc.*, 2009 WL 2707587, *2 (M.D. Pa. Aug. 25, 2009); *Ciglar v. Ruby Tuesday, Inc.*, No. 09-239, 2009 WL 737367, *3 (E.D. Pa. Mar. 19, 2009); *Durkin v. Paccar, Inc.*, No. 09-4892, 2010 WL 176851, *3-5 (E.D.Pa. Jan.19, 2010).

33.     "[M]erely nominal parties may be disregarded for removal purposes . . . ." *Ogletree v. Barnes*, 851 F.Supp. 184, 187 (E.D. Pa. 1994); *accord Boston Culinary Group, Inc. v. JDK Catering, Inc.*, 2009 WL 2707587, *2 (M.D. Pa. Aug. 25, 2009); *Ciglar v. Ruby Tuesday, Inc.*, No. 09-239, 2009 WL 737367, *3 (E.D. Pa. Mar. 19, 2009); *Lopienski v. Centocor, Inc.*, No. 07-4519, 2008 WL 2565065 (D.N.J. June 25, 2008); *Miller v. Principal Life Ins. Co.*, 189 F. Supp.2d 254, 256 (E.D. Pa. 2002); *Michaels v. State of N.J.*, 955 F.Supp. 315, 319 (D.N.J. 1996).

34.     "A party is nominal when there is no possibility the plaintiff can establish a cause of action against [it], and the defendant is not indispensible." *Lopienski*, 2008 WL 2565065, at * 2.

35.     A court will find fraudulent joinder "if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); *accord Batoff v. State Farm Ins. Co.*, 977 F.2d 848 (3d Cir. 1992); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985).

36.     The "court is entitled to 'look beyond the face of the complaint for indicia of fraudulent joinder.' *Abels.* 770 F.2d at 29.  A court can make a 'limited consideration of reliable evidence that the defendant may proffer to support the removal,' including evidence established in prior proceedings and facts subject to judicial notice under Federal Rule of Evidence 201.  *In re Briscoe*, 448 F.3d at 220-21.  If such evidence indicates that the plaintiff has no real intention in good faith to prosecute the action against a defendant, then that defendant's citizenship can be disregarded for removal purposes.  *See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluamine) Prods. Liabl. Litig.*, 220 F.Supp.2d 414, 421-22 (E.D. Pa. 2002)"[14]

37.     Here, the court can consider Judge Schiller's prior conclusion that Plaintiff did not have a good faith intention of prosecuting the action against either Dura-Bond or Skyline Steel and Judge Rodriguez's prior conclusion that Plaintiff did not have a plausible cause of action against Dura-Bond, to find a pattern of fraudulent joinder.

38.     Plaintiff made no effort to notify Beemac of the inspection conducted during the equity action despite the equity court's instructions to Plaintiff's counsel to notify interested parties, similar to conduct which Judge Schiller found to suggest fraudulent joinder.[15]  The identity of Beemac was available to Plaintiff at the time of the equity action because Plaintiff could have asked PACCAR to whom it sold the truck-tractor or asked R.E. Pierson Construction Co. (decedent's employer, hereinafter "Pierson") from whom it purchased the truck-tractor.

39.     As further indicia of fraudulent joinder evidence, Plaintiff made no effort to join Beemac in the pending action in front of Judge Rodriguez.

40.     Finally, based on discovery conducted in the pending action before Judge Rodriguez, Plaintiff knew before filing this third action that PACCAR, not Beemac, designed

---

[14] Schiller Opinion, 2010 WL 176851, at *3.
[15] *See* Schiller Opinion, 2010 WL 176851, at * 1, 5 ("The fact that [Plaintiff] did not give the Dura-Bond Defendants notice of their opportunity to inspect the steel indicates that she did not intend to pursue a good faith claim against them.").

and manufactured the truck-tractor, that PACCAR was solvent, and that after Pierson purchased the truck-tractor from Beemac, the truck-tractor was involved in an accident leading to the entire cab being replaced before the accident involving the decedent.

41.     Plaintiff's most recent Complaint is virtually identical to the complaint filed in the second action still pending before Judge Rodriguez with the exception that Plaintiff has deleted the claims against Dura-Bond and included Beemac in counts previously asserted against the "PACCAR Defendants" or all Defendants.  The only substantive allegations made exclusively against Beemac are set forth in paragraphs 5 and 11 of the Complaint.[16]

42.     Plaintiff alleges that "the subject tractor was acquired by Defendant Beemac Trucking, LLC which thereafter distributed the tractor to Plaintiff-decedent's employer, R.E. Pierson." Exhibit A, Complaint at ¶ 5 (a hereinafter parenthetical omitted).

43.     Plaintiff inaccurately alleges that "Beemac is in the business of testing, inspecting, marketing, and selling tractors, including the vehicle that is in the subject [sic] of this lawsuit." Exhibit A, Complaint at ¶ 11.

44.     Beemac is actually in the business of using rather than selling truck-tractors being a transportation company that provides trucking, logistic and intermodal services.  Beemac's website does not mention selling tractors as part of Beemac's business. *See* http://www.beemac.com/index.html.

45.     Plaintiff purports to assert a strict liability cause of action against the PACCAR Defendants and Beemac (Count I), a negligence cause of action against the PACCAR Defendants and Beemac (Count IV), a breach of warranty cause of action against all captioned Defendants (Count VII), a wrongful death action against all captioned Defendants (Count VIII), and a survival action against all captioned Defendants (Count IX). *See* Exhibit "A," Complaint.

---

[16] *Compare* instant Complaint, Exhibit A, to the Complaint in second action, Exhibit F.

46.     Plaintiff's counts for a wrongful death action and a survival action are derivative claims whose viability are dependant on the validity of Plaintiff's other counts.[17]

47.     For reasons explained by Judge Rodriguez in his opinion in this litigation granting the motion to dismiss of a Pennsylvania company, Dura-Bond, New Jersey law will be applicable to any claim Plaintiff may have against Beemac.[18]

48.     As a matter of New Jersey law, Plaintiff cannot succeed against Beemac on any of her non-derivative claims, i.e., strict liability, negligence, or breach of implied warranty.[19]

49.     In the pending action before Judge Rodriguez, the decedent's employer Pierson has produced documents and presented designees and employees for depositions.  Discovery has revealed that Pierson purchased the subject truck-tractor at an auction in Maryland.  Pierson produced documents which included a Bill of Sale and maintenance records for the truck-tractor. Those records were marked as Deposition Exhibit 8 during the deposition of Terrence Boyle, who has been in charge of Pierson's maintenance department for over 20 years and was produced as a designee.[20]

50.     The Bill of Sale includes a Disclaimer that the truck-tractor is being purchased "as is."[21]

51.     Subsequent to the purchase, the truck-tractor was involved in an accident while driven by an employee other than the decedent whereby the load on the trailer slid forward damaging the cab and injuring the driver.  The incident was documented in a police report marked as Deposition Exhibit D-6 in the pending litigation.[22]  As a result of the accident, Pierson

---

[17] *See* Rodriguez Opinion, 2010 WL 4117110, at *11, *4 n.9.
[18] Judge Rodriguez applied Pennsylvania's choice-of-law rules and held that New Jersey substantive law governs Plaintiff's claims.  Rodriguez Opinion, 2010 WL 4117110, at *4.
[19] Although the analysis is somewhat different, Plaintiff also could not succeed against Beemac under Pennsylvania law.
[20] Boyle Dep. at 11-12, 22-23.  Pertinent portions of the transcript are attached as Exhibit G.  Deposition Exhibit 8 is attached as Exhibit H.
[21] Exhibit H at WNC697.
[22] Deposition Exhibit D-6 is attached as Exhibit I.

entirely removed the cab of the truck-tractor and replaced it with a new PACCAR manufactured cab.[23]

52.     Under New Jersey law, Plaintiff's common law claims based on strict liability, negligence and breach of warranty are subsumed under the Products Liability Act.  N.J. Stat. Ann. § 2A:58C-1 *et seq.*[24]

53.     If Beemac is held to be a seller under New Jersey's Product Liability Act, it cannot be liable because a product seller is relieved of all strict liability claims against if a solvent manufacturer of the product can be held liable. N.J. Stat. Ann. § 2A:58C-9.  Here, Plaintiff knows PACCAR is the solvent manufacturer of the subject tractor and therefore cannot have a good faith intention of pursuing an action against Beemac to judgment.

54.     Both New Jersey and Pennsylvania have concluded that an occasional seller, which includes entities in the business of using a product which may sell a product after use, cannot be liable under strict liability theories.[25]

55.     Beemac additionally cannot be liable because of substantial alterations to the subject tractor by Pierson after it left Beemac's possession and control.[26]

---

[23] Exhibit G, Boyle Dep. at 75-83, 121-129; *see also* Exhibit H, at WNC705-710, WNC748-749.

[24] *See* Discussion by Judge Rodriguez, 2010 WL 4117110, at *4, 5-10.

[25] "'[T]he rule of strict liability does not apply to an occasional seller who is not engaged in that activity *as a part of its business.*'" *Agurto v. Guhr*, 887 A.2d 159, 163 (N.J. Super. Ct. App. Div. 2005) (quoting *Santiago v. E.W. Bliss Div., Gulf & W. Mfg. Co.*, 492 A.2d 1089, 1095 (N.J. Super. Ct. App. Div. 1985); *see also* N.J. Stat. Ann. § 2A:58C-8 ("'Product seller' means any person who, in the course of *a business conducted for that purpose*: *sells*; distributes; leases; installs; prepares or assembles a manufacturer's product according to the manufacturer's plan, intention, design, specifications or formulations; blends; packages; labels; markets; repairs; maintains or otherwise is involved in placing a product in the line of commerce." (emphasis added)); *Allen v. Nicole, Inc.*, 412 A.2d 824, 826 (N.J. Super. Ct. Law Div. 1980) ("In the case at bar defendant Jones, if he may be viewed as a seller, is even more a consumer of the equipment, for it is not the sale but the use of the equipment which constitutes his business."). *Accord Berkebile v. Brantly Helicopter Corp.*, 337 A.2d 893, 898 n.3 (Pa. 1975) ("Occasional suppliers who are not in the business of selling or supplying such products are not 'sellers' subject to strict liability."); *Acevedo v. Start Plastics, Inc.*, 834 F. Supp. 808, 812 (E.D. Pa. 1993) ("Defendant Start qualifies as an occasional seller and therefore cannot be held liable as a merchant or supplier of conveyor systems.").

[26] *See Qualian v. Irwin Seating Co.*, A-5249-04T1, 2007 WL 92362, *6 (N.J. Super. Ct. App. Div. Jan. 16, 2007) ("The plaintiff also must show that the defect existed while the product was in the control of the particular defendant being sued.").

56.     Even if the causes of actions were not subsumed by New Jersey's Product Liability Act, Plaintiff fails to state a claim against Beemac for negligence or breach of warranty.

57.     As Judge Rodriguez has previously stated with regard to Plaintiff's pleadings, the "threadbare recital of an element of a cause of action and conclusory statement are insufficient to state a claim under *Iqbal*."[27]

58.     "It is well known that heavy objects, like fifty foot units of steel, may shift or slide during handling and transportation. For this reason, the federal government and the State of New Jersey have promulgated extensive rules and regulations for motor carriers to prevent against the shifting and falling of loads being transported on public roads. *See, e.g.* 49 C.F.R. §§ 390.1 (Federal Motor Carrier Safety Regulations, generally), 393.100-.114 (discussing regulations for protection against shifting and falling cargo), 393.116-.136 (discussing requirements for securing specific commodity types); N.J. Admin. Code 13:60-2.1 (adopting and incorporating by reference the Federal Motor Carrier Safety Regulations)."[28]

59.     The police report noted many violations by the decedent and his employer, citing the sections violated.[29]  But, Beemac as a former owner of the truck-tractor was not subject to these regulations with regard to this vehicle at the time of the accident.  Plaintiff fails to identify and standard, regulations or law breached by Beemac.

60.     Plaintiff fails to identify any alteration made by Beemac to the truck-tractor, fails to identify any specific defect that was allegedly created or caused by Beemac, fails to identify any specific negligent act by Beemac that allegedly caused harm to the Plaintiff or the decedent, fails to identify any duty breached by Beemac, and fails to identify any specific breach or a specific warranty that would give rise to a breach of warranty cause of action against Beemac.

---

[27] Rodriguez Opinion, 2010 WL 4117110, at *9 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)).
[28] Rodriguez Opinion, 2010 WL 4117110, at *8.
[29] See Exhibit J, Deposition Exhibit D-9, Police Report at WNC117-118.

61.      "It is for the court to determine whether a duty exists, and, if so, 'the scope or boundaries of that duty.'"[30]

62.      A person or entity that owns a vehicle, and then sells the used vehicle, is not an insurer of the used vehicle and is not liable merely because the vehicle subsequently involved in a damage-causing accident, especially after the vehicle was substantially rebuilt after the sale and sold as is.

63.      "Under New Jersey law, when 'multiple factors contribut[e] to the cause of the accident,' a defendant in a negligence action is not liable if his conduct was 'too remotely or insignificantly related' to the injury.  To incur liability, the defendant's negligence must be 'a substantial factor in bringing about the injuries.'"[31]

64.      Plaintiff's complaint does not specify any conduct of Beemac that could be found to have been a substantial factor in bringing about injuries to Plaintiff or her decedent.

65.      Pierson's rebuilding of the tractor and using the tractor after the first accident is a superseding cause that terminates the possibility that Beemac could be found liable to Plaintiff under a theory of negligence.[32]

66.      Plaintiff alleges breach of only implied warranties; she does not allege any breach of any express warranty.

67.      Beemac cannot be found liable under a breach of implied warranty theory because

---

[30] *Potomac Aviation, LLC v. Port Auth. of New York & New Jersey*, 994 A.2d 536, 544 (N.J. Super. App. Div. 2010).

[31] *Thabault v. Chait*, 541 F.3d 512, 523 (3d Cir. 2008).

[32] For purposes of New Jersey negligence law, a "superseding cause" is an event or conduct sufficiently unrelated to or unanticipated by a defendant that warrants termination of liability, irrespective of whether the defendant's negligence was or was not a substantial factor in bringing about the harm.  *See Brown v. U.S. Stove Co.*, 484 A.2d 1234, 1244 (N.J. 1984) ("Indulging the evidence proffered in support of plaintiff's contentions, it does not overcome the powerful, if not ineluctable, inference that the subsequent course of misconduct was the independent cause of the accident.  Any shortcoming by the manufacturer in terms of a design defect was only remotely connected with the eventual accident.").  *Accord Mahan v. Am-Gard, Inc.*, 841 A.2d 1052, 1060 (Pa. Super. 2003); *Chacko v. Com., Dept. of Transp.*, 611 A.2d 1346, 1350 (Pa. Commw. 1992); Restatement (Second) of Torts § 440.

the bill of sale of the subject tractor specified that the sale was "as is."[33]

68.     Beemac cannot be found liable under a breach of implied warranty theory because it is only an occasional or casual seller of trucks.[34]

69.     Beemac cannot be found liable under a breach of implied warranty theory because of the lapse of the limitations period since Beemac sold the tractor on or about June 21, 2006[35] and Plaintiff commenced the instant action on or about November 10, 2010.[36]

WHEREFORE, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), based on the diversity of citizenship between the Plaintiff and all proper Defendants, and removal pursuant to 28 U.S.C. §§1441(a) and 1446 is appropriate.

WARD GREENBERG HELLER & REIDY LLP

By:_____

Gerhard P. Dietrich (GPD3641)
1835 Market Street, Suite 650
Philadelphia, PA  19103
Phone:  (215) 836 1100
Fax:  (215) 836 2845
E-mail:  gdietrich@wardgreenberg.com
Attorneys for Defendant,
Wabash National Corporation

Date:_____

---

[33] "[A]ll implied warranties are excluded by expressions like 'as is' . . . ." N.J. Stat. Ann. § 12A:2-316(3)(a); *accord* 13 Pa. Cons. Stat. Ann. § 2316(c)(1).

[34] *See* N.J. Stat. Ann. § 12A:2-314(1) ("[A] warranty that the goods shall be merchantable is implied in a contract for their sale *if the seller is a merchant with respect to goods of that kind.*" (emphasis added)); *accord* 13 Pa. Cons. Stat. Ann. § 2314(a).

[35] *See* Exhibit H.

[36] *See Coyle v. Hornell Brewing Co.*, 72 U.C.C. Rep. Serv. 2d 230 (D.N.J. 2010) ("[A]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach . . . . In the context of warranties, a breach occurs when tender of delivery is made." (citing N.J.S.A. § 12A:2-725(1) to (2))); *McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008) ("Under Pennsylvania law, the statute of limitations for breach of an implied warranty is four (4) years. 13 Pa.C.S.A. §§ 2725(a), (b). The statute of limitations period begins at the time of the tender or sale of the allegedly defective product and not at the time the breach is discovered or an injury occurs.").

15

## CERTIFICATE OF SERVICE

I, Gerhard P. Dietrich, hereby certify that a true and correct copy of the Notice of Removal was served via United States first class mail on the date indicated below addressed to the following:

*Plaintiff*
Nancy J. Winkler, Esquire
Daniel J. Sherry, Jr., Esquire
Eisenberg, Rothweiler, Winkler, Eisenberg & Jeck, P.C.
1634 Spruce Street
Philadelphia, PA  19103

*ANCRA International, LLC.*
Warren E. Voter, Esquire
J. Michael Kunsch, Esquire
Sweeney & Sheehan
1515 Market Street - 19th Floor
Philadelphia, PA  19102

*Spanset, Inc.*
Stephan A. Rudolph, Esquire
Rudolph & Kayal
P.O. Box 255
Sea Girt, NJ 08750

*PACCAR, INC. and Peterbilt Motors Company*
Robert M. Cook, Esquire
Goldberg Segalla LLP
902 Carnegie Center Drive, Suite 100
Princeton, NJ  08540

*Beemac Trucking, LLC*
Robert J. Siegel, Esquire
Kennedy, Campbell, Lipski & Dochney
1818 Market Street, 25th Floor
Philadelphia, PA 19103

Date: 1/6/11

_____
Gerhard P. Dietrich (GPD3641)